John W. Harris (SBN 66130)
Herbert Hayden (SBN 248282)
**HARRIS & HAYDEN**
865 South Figueroa Street, Suite 2750
Los Angeles, CA 90017
Tel: (213) 489-9833
Fax: (213) 489-3761
E-mail: john@harrishayden.com
    herbert@harrishayden.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK GARCIA,<br><br>                    Plaintiff<br><br>v.<br><br>CITY OF AZUSA; OFFICER J. ARIAS, individually; OFFICER J. BEAVER, individually; OFFICER B. HILDEBRANDT, individually; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Excessive Use of Force 42 U.S.C. § 1983;**<br>2. **Retaliation - 42 U.S.C. § 1983;**<br>3. **Municipal – Liability 42 U.S.C. § 1983;**<br>4. **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820);**<br>5. **Negligence (Cal. Govt. Code § 820 and California Common Law)**<br>6. **Assault and Battery (Cal. Govt. Code § 820);**<br>7. **Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMES NOW RODERICK GARCIA (collectively, "Plaintiff"), who alleges as follows:

## I.

## INTRODUCTION

1

1.   This action is brought under Title 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution, and pursuant to the general laws of the United States and of the State of California. Plaintiff also alleges that the conduct of each Defendants deprived Plaintiff of his constitutional rights to due process under the law, and caused Plaintiff to suffer grievous pain, suffering, anxiety, depression, harm and injury based on the false arrest, wrongful imprisonment, and the excessive force applied against him.

## II.
### JURISDICTION & VENUE

2.   The Court has jurisdiction over the federal law claims action pursuant to Title U.S.C. §§ 1331 and 1343. Plaintiff brings this action pursuant to Title 42 U.S.C. §§ 1983, 1988 for relief are within the jurisdiction of the Court, pursuant to Title 28 U.S.C. § 1367. This action is brought pursuant to 42 U.S.C. §§ 1983, First. Fourth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§ 1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

3.   Venue over Plaintiff'ss claims is proper in the Central District of California as Plaintiff'ss claims herein arise out of incidents involving officers of the City of Azusa Police Department, and the events giving rise to the claims occurred in the City of Azusa in or around the intersection of W. Foothill Blvd. and N. San Gabriel Ave. in Azusa, California on September 8, 2021, within the Central District of California pursuant to 28 U.S.C. § 1391 (a)(1) and (b)(2).

## III.
### PARTIES

4.   At all times relevant hereto, Plaintiff Roderick Garcia was a resident of the City of Azusa, County of Los Angeles, California.

5.   At all relevant times, Defendant CITY OF AZUSA ("CITY") is and was municipal corporations existing under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Azusa Police Department and its tactics, methods, practices, customs and usage.

6.   Defendant Officer J. Beaver, hereinafter referred to as "BEAVER" was, at all times mentioned herein a resident of the County of Los Angeles, and was a police officer employed by the CITY and Azusa Police Department.

7.   Defendant Officer J. Arias, hereinafter referred to as "ARIAS" was, at all times mentioned herein a resident of the County of Los Angeles, and was a police officer employed by the CITY and Azusa Police Department.

8.   Defendant Officer B. Hildebrandt, hereinafter referred to as "HILDEBRANDT" was, at all times mentioned herein a resident of the County of Los Angeles, and was a police officer employed by the CITY and Azusa Police Department.

9.   At all times relevant herein, defendants DOES 1 through 10, (hereafter "POLICE OFFICER DEFENDANTS") were residents of the County of Los Angeles, and were police officer, agents and representatives of the CITY. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the CITY OF AZUSA At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF AZUSA, its police department and/or the State of California.

10. At all times relevant herein, defendants, DOES 11 through 15, (hereafter "SUPERVISING OFFICERS") were police officers, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents and representatives of

3

**COMPLAINT FOR DAMAGES**

the CITY OF AZUSA. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the CITY OF AZUSA. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF AZUSA.

11. At all relevant times, Defendants DOES 1 through 50, were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendants CITY.

12. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff'ss injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

13. At all times relevant hereto, the individual Defendants and POLICE OFFICER DEFENDANTS employed organized unlawful and illegal customs and practices of excessive force and illegal searches and seizures, false arrests which lacked probable cause, falsification of evidence, filing of false police reports in violation of P.C. § 118.1, committing perjury in carrying out their mandate. Said misconduct was encouraged, tolerated and condoned by SUPERVISORY OFFICER DEFENDANTS.

14. At all times relevant herein, the SUPERVISORY OFFICER DEFENDANTS were supervisors and/or policy makers for the CITY OF AZUSA. These Defendants instituted, and knowingly and intentionally assured the continued

existence of procedures employed by the CITY OF AZUSA, that served no purpose but to put a seal of approval on acts of misconduct employed by officers within the ranks of the CITY OF AZUSA POLICE'S DEPARTMENT.

15. At all times relevant herein, the individual Defendants and POLICE OFFICER DEFENDANTS were acting within the course and scope of their employment as POLICE OFFICERs and employees of the CITY OF AZUSA, which is liable in respondeat superior for said employees state-law torts pursuant to section 815.2 of the California Government Code.

16. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff who otherwise sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.  All defendants who are natural persons, and each of them, including DOES 1 through 50, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for defendants CITY and CITY.

**V.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

18.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 18 above of this Complaint with the same force and effect as if fully set forth herein.

19.  On September 8, 2021, at or around 7:00 p.m., Plaintiff Roderick Garcia was walking on E. Foothill Blvd. towards San Gabriel Ave. when he noticed a male person, now known to be Joel Rodriguez, screaming in distress and obvious pain and surrounded by the POLICE OFFICER DEFENDANTS.  Mr. Garcia also heard

**COMPLAINT FOR DAMAGES**

Rodriguez yelling that he had been then victim of excessive force by a Corporal Beaver and had an injured shoulder.

20. From across the street Mr. Garcia began recording on his cellphone the apparent arrest of Mr. Rodriguez. As Mr. Garcia approached near the scene of the arrest, he continued to record the incident with his cellphone, holding it out with his right arm as he drew closer.

21. As Mr. Garcia neared within five (5) to ten (10) feet of the scene with Mr. Rodriguez, one of the police officers, defendant Arias to the POLICE OFFICER DEFENDANTS and did not pose a threat to the health and safety of the officers, to the other persons or himself.

22. Without warning or provocation, Officer Arias slapped the Mr. Garcia's phone out of Mr. Garcia's hand causing it to fall to the street and breaking it beyond repair. As Mr. Garcia began to complain to Officer Arias about him violently hitting the phone out of his hand, APD officers Beaver and Hildebrandt brutally flipped Mr. Garcia around lifting him off the ground and slamming him onto a police car, pinning him there as they "chicken winged" both his arms and placed handcuffs on him.

23. Mr. Garcia, who is only 5'6" and 61 years old, was merely video recording the incident as to Mr. Rodriguez. The attack on Mr. Garcia was unprovoked and without any justification whatsoever; the assault and battery, which was excessive under the totality of the circumstances, served no legitimate law enforcement purpose.

24. Following the attack, Mr. Garcia cried out in pain was in obvious need of medical assistance. Despite his please for medical aid, the officers left Mr. Garcia in the back of a police car for over 3 hours, tightly handcuffed and with his hands behind his back, further exacerbating his injuries.

**COMPLAINT FOR DAMAGES**

25. As a result of the officers' actions, Mr. Garcia suffered a dislocated right shoulder, dislocated right elbow, and torn right biceps muscle, and head and neck pain, as well as a broken cellphone.

26. The individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS acted with reckless disregard, deliberate indifference and/or objectively unreasonably, intentionally and/or negligently assaulted and battered Plaintiff and causing grave bodily injury and pain to Plaintiff.

27. Upon information and belief, these Defendants, and each of them, acted under color of authority with the intent to cause severe injuries which foreseeably resulted from their beating of Plaintiff.

28. On information and belief, a reasonable law enforcement officer would not have used excessive force against Plaintiff under the same circumstances because: (a) Plaintiff was cooperating and was not resisting; (b) Plaintiff was unarmed; (c) Plaintiff was not a threat to anyone and as such Defendants and each of them, could not have reasonably believed that they were in imminent danger of being killed, injured or touched unlawfully; and (d) even if there was any imminent danger, the POLICE OFFICER DEFENDANTS and each of them, used more force than was necessary when several Defendants simultaneously twisted Mr. Garcia's arms and threw him against their squad car.

29. At all times relevant hereto, Defendant CITY was responsible for the training of all police officers of Defendant CITY. Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS were trained by the CITY, at the direction, special insistence, and under the control of Defendant CITY, in the proper care of individuals within their custody in accordance with the statutes, ordinances, regulations, customs, and usages of Defendant and the State of California. Defendant CITY was also responsible for enforcing the regulations of the APD and for ensuring that law enforcement personnel of the APD obeyed the laws of the State of California and the United States of America.

30.  Defendant CITY, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the CITY, and certain the individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification, said policy or custom ratified being another proximate cause of the injury to Plaintiff.

31.  As a direct and proximate cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff have incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## **FIRST CAUSE OF ACTION**

### **Excessive Force (42 U.S.C. § 1983)**

### **(Plaintiff against Defendants ARIAS, BEAVER, and HILDEBRANDT and All POLICE OFFICER DEFENDANTS)**

32.  Plaintiff repeats and re-alleges each and every allegation.in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS, each of them, by the application of excessive force and violence upon Plaintiff as aforesaid violated Plaintiff's civil rights. This action is

brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments of the United States Constitution.

34. As described above, the individual Defendants Arias, Beaver, and Hildebrandt and POLICE OFFICER DEFENDANTS violated Plaintiff's Fourth Amendment rights.

35. As Mr. Garcia was recording the altercation between Joel Rodriguez and the POLICE OFFICER DEFENDANTS with his cellphone, without warning or provocation, Defendant Arias slapped Mr. Garcia's phone out of his hand causing it to fall to the street and shatter beyond repair.

36. As Mr. Garcia began to complain to Officer Arias about him violently hitting the phone out of his hand, Defendant APD officers Beaver and Hildebrandt brutally flipped Mr. Garcia around lifting him off the ground and slamming him onto a police car, pinning him there as they "chicken winged" both his arms and placed handcuffs on him.

37. Mr. Garcia suffered a dislocated right shoulder, dislocated right elbow, and torn right biceps muscle, and severe head and neck pain due to the Defendants' actions.

38. The attacks by Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

39. Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of Plaintiff's rights under the U.S. Constitution.

40. Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS acted at all times herein knowing full well that the established practices customs, procedures, and policies of Defendant CITY would

**COMPLAINT FOR DAMAGES**

allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and would permit Defendants to justify the assault on Plaintiff by falsely reporting that any injuries to Plaintiff were caused by Plaintiff resisting arrest, obstructing a police officer or by Plaintiff's own misconduct. Said false reporting and ratification of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS' misconduct was made with the intent to ensure that people like Plaintiff would be dissuaded from petitioning their grievances against the City for such misconduct so that Defendants could continue to subject its citizens to continued violations of their Constitutional rights and civil liberties.

41. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Plaintiff suffered the violations of his constitutional rights described above.

42. The conduct of POLICE OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to POLICE OFFICER DEFENDANTS.

43. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### First Amendment-Retaliation (42 U.S.C. § 1983)

### (Plaintiff against Defendants ARIAS, BEAVER, and HILDEBRANDT and All POLICE OFFICER DEFENDANTS)

44. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

**COMPLAINT FOR DAMAGES**

45. Plaintiff was engaged in exercising his rights to free speech and to petition for redress of grievances, as guaranteed to him under the First Amendment to the United States Constitution.

46. Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS took action against Plaintiff, including but not limited to, punching Mr. Garcia's hand causing his cellphone to break as he attempted to record the incident involving Joel Rodriguez, threatening him with words and actions, detaining him without probable cause or reasonable suspicion, intimidating him, and harassing him. Moreover, Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS beat Plaintiff after he protested that he had a First Amendment right to protest the officers' maltreatment of Mr. Rodriguez and to video record what was going on.

47. A substantial or motivating factor for the actions of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS was retaliating against, or having a chilling effect on, Plaintiff's protected speech, conduct, and petitioning for redress of grievances.

48. The conduct of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the Defendants.

49. Accordingly, Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

50. Defendant CITY is vicariously liable for the wrongful acts of Defendants DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

employees within the scope of the employment if the employee's act would subject him or her to liability.

51. Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

**Municipal Liability (42 U.S.C. § 1983)**

**(Plaintiff against Defendants CITY OF AZUSA)**

52. Plaintiff incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. At all times herein mentioned, Defendant CITY maintained a custom, policy and practice to allow the violation of civil rights. Additionally, Defendant CITY had a custom and practice of allowing its Officers and staff to poorly treat its suspects and detainees, by using excessive force in beating them, in addition to the myriad of examples identified above, in violation of Plaintiff's civil rights under color of state law and constituted a systematic custom, policy, practice and procedure instituted for denial of the civil rights of Plaintiff and others. On the dates of Plaintiff's various beatings, Defendant CITY was aware that such beatings were common by its officers against non-violent, compliant detainees.

54. Defendant CITY was aware of the customs, practices, and propensities of their subordinates – Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS - to make false arrests, to employ excessive and unnecessary force, to file false police reports in violation of P.C. § 118.1, to falsify evidence and to commit perjury to conceal this misconduct, and to unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the misconduct alleged in the present complaint. CITY tolerated, encouraged and expressly and impliedly condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking and ratifying such misconduct.

**COMPLAINT FOR DAMAGES**

55.     Notwithstanding this knowledge, said CITY encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS by failing to discipline said officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for their misconduct, and in the present instance failing to supervise and control Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS so as to prevent the misconduct alleged herein and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

56.     By consciously and deliberately overlooking the repeated acts of misconduct and criminal acts by their subordinate officers, including their subordinates Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS said defendants established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by said defendants was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and while off duty to commit crimes such as false arrests, perjury, assaults and batteries with impunity.

57.     Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, said defendants were deliberately indifferent to the constitutional violations being committed by their subordinates, including

Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS.

58.   The September 8, 2021 incident in which Plaintiff was assaulted and battered by Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS was not an isolated incident. Defendant CITY was aware of the general problems within the department (lack of staffing, lack of supervision, gang-like tendencies, etc.) that had recently led to increased incidents of violence by officers toward detainees.

59.   Defendant CITY was on notice or had constructive knowledge and were charged with such knowledge, that POLICE OFFICER DEFENDANTS were taking drastic measures to falsify records in regards to their relations with detainees. In Plaintiff's case, Plaintiff alleges that the Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS similarly falsified records to cover up the true cause of Plaintiff's injuries. This is yet another indication of the failure on part of management at the CITY to have adequate quality assurance procedures in check regarding falsification of records.

60.   Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and each of them so negligently, wrongfully, unlawfully, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their police duties as reasonably prudent and careful police officers would have used under similar circumstances in that they negligently, carelessly, and recklessly without lawful necessity or provocation used unnecessary and excessive, cruel and unusual force upon plaintiff. Their duties required them to prevent excessive force, racial hatred and violence to be inflicted by other Officers.

61.   As a further, direct and legal result of the violation of Plaintiff's constitutional rights and unlawfulness of the Defendants, and each of them, as aforesaid, Plaintiff have suffered personal injuries and special damages incurred which will be necessary in the future for medical, hospital and other related

expenses in the examination, care and treatment of their injuries, the exact nature and extent of which are unknown to Plaintiff at this time.

62.    The conduct of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS was reckless and acted with callous indifference to the federally protected rights of Plaintiff.

63.    Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and each of them, engaged in despicable conduct by using excessive force and cruel and unusual punishment and were malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiff. Plaintiff is entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant police Officers.

64.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiff's civil rights.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Cal. Govt. Code §§ 815.2 and 820 and California Common Law)

### (Plaintiff against Defendants ARIAS, BEAVER, and HILDEBRANDT and All POLICE OFFICER DEFENDANTS)

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64, as though fully set forth herein.

66. While being detained by Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and while in the custody of the Defendant CITY, Plaintiff was harassed, beaten and subjected to excessive force, including chicken-winging Plaintiff's right arm to the point that he suffered a dislocated shoulder and elbow and torn right biceps muscle and forcing Plaintiff to remain handcuffed with his arms behind his back, further exacerbating his pain.

**COMPLAINT FOR DAMAGES**

67. Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS' conduct in unlawfully and unjustifiably arresting Plaintiff exceeded the bounds of conduct usually tolerated by society. Moreover, Defendants believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well-trained police officer to believe, know and understand that Plaintiff was susceptible to suffering severe emotional distress due to Defendants' outrageous and unlawful actions taken and committed against Plaintiff, as described above.

68. Defendant CITY is liable under the principals of respondeat superior for the aforementioned acts of Defendants pursuant to California Government Code § 815.2.

69. Defendants, in engaging in the aforementioned conduct, intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff would suffer permanent physical and emotional injuries as a result of their actions.

70. Defendants' conduct was a substantial factor in causing Plaintiff to suffer from severe physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance. Plaintiff suffered special and general damages as a result of the physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial, and exceeds the jurisdictional amount of this court.

71. Defendant CITY is vicariously liable for the wrongful acts of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**COMPLAINT FOR DAMAGES**

72. The individual Defendants' aforementioned actions were willful, intentional, wanton, reckless, and in conscious disregard for Plaintiff's rights, warranting the award of exemplary and punitive damages as to said individual Defendants.

### FIFTH CAUSE OF ACTION

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(Plaintiff against Defendants ARIAS, BEAVER, and HILDEBRANDT and All POLICE OFFICER DEFENDANTS)**

73.    Plaintiff incorporates by reference paragraphs 1 through 72 as though fully set forth herein.

74.    Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and each of them were police officers acting within the course and scope of their employment for CITY who negligently, carelessly, and without reasonable care used excessive force and battered Plaintiff. Alternatively, at the time and place described above, each of the Defendants came upon Plaintiff and negligently, carelessly and/or recklessly concluded that he presented a risk of serious injury or harm to one of them, thereby necessitating the use of severe and excessive force against Plaintiff Garcia.  Indeed, under the circumstances, the Defendants negligently employed excessive force in attempting to arrest Mr. Garcia causing his right elbow and shoulder to be dislocated. Thereafter, the Defendants were negligent insofar as they handcuffed Mr. Garcia with his hands behind his back despite knowledge of the injuries to his right arm and his incessant complains about the same, further amplifying the pain in Plaintiff's right arm.

75.    Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and each of them had the duty to exercise ordinary care towards the Plaintiff and should have known that subjecting the Plaintiff to conduct described herein would lead to bodily injury or death and foreseeably cause the Plaintiff to suffer harm.

76.     The individual Defendants breached this duty by illegally assaulting, battering and beating Plaintiff although they posed no reasonable or credible threat of violence and complied with their orders. No reasonable officer would have thought it proper to beat Plaintiff under such circumstances.

77.     As a proximate and direct result of Defendants' actions, Plaintiff suffered to suffer from severe physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.     Plaintiff suffered special and general damages as a result of the physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial, and exceeds the jurisdictional amount of this court.

78.     Defendant CITY is vicariously liable for the wrongful acts of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79.     The individual Defendants' aforementioned actions were willful, intentional, wanton, reckless, and in conscious disregard for Plaintiff's rights, warranting the award of exemplary and punitive damages as to said individual Defendants.

## SIXTH CAUSE OF ACTION

### Assault and Battery (Cal. Govt. Code § 820 and California Common Law)

### (All Plaintiff against Defendants ARIAS, BEAVER, and HILDEBRANDT and All POLICE OFFICER DEFENDANTS)

80.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 79, above.

**COMPLAINT FOR DAMAGES**

81.     Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS and each of them caused unreasonable apprehension of harmful or offensive contact on September 8, 2021, at or around 7:00 p.m., on E. Foothill Blvd. towards San Gabriel Ave. in Azusa, California when: 1. Defendant Arias' punched Mr. Garcia's phone while he was recording the Joel Rodriguez incident, causing it to break; 2.  Defendants Beaver and Hildebrandt arrested Plaintiff causing his elbow and shoulder to dislocate; 3. Defendants Arias, Beaver, Hildebrandt and the POLICE OFFCER DEFENDANTS, left Plaintiff handcuffed with his arms behind his back for over three (3) hours knowing that he had sustained severe injuries to his right arm.

82.     Plaintiff did not pose a threat to the health and safety of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS, to others or themselves.  The attacks on Plaintiff were unprovoked and without any justification whatsoever; the assault and battery, which was excessive under the totality of the circumstances, served no legitimate law enforcement purpose.

83.     Mr. Garcia suffered a dislocated right shoulder, dislocated right elbow, and torn right biceps muscle, and severe head and neck pain and embarrassment due to the Defendants' actions.

84.     Plaintiff did not at any time consent to Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS' touching.

85.     Defendant CITY is vicariously liable for the wrongful acts of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's actions would subject him or her to liability.

86.     The conduct of Defendants was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of damages, including exemplary and punitive damages.

**SEVENTH CAUSE OF ACTION**

**Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**

**(Plaintiff against All Defendants)**

87.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 87, above.

88.     Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS, while working as peace officers for the CITY, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to free speech and to be free from excessive force and cruel and unusual punishment, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion or intimidation.

89.     Plaintiff reasonably believed that if he exercised their constitutional rights, Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS would commit acts involving violence, threats, coercion or intimidation against him or his property, simply because he was recording the Joel Rodriguez incident with his cellphone.

90.     Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS injured Plaintiff to prevent him from exercising his rights to be free from unreasonable searches or retaliated against Plaintiff for having exercised his rights to be free from unreasonable searches.

91.     Plaintiff was caused to suffer severe physical injuries, severe pain and suffering.

92.     The conduct of Defendants was a substantial factor in causing the harms, losses, injuries and damages of Plaintiff.

**COMPLAINT FOR DAMAGES**

93.     Defendant CITY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's actions would subject him or her to liability.

94.     The conduct of Individual Defendants Arias, Beaver, and Hildebrandt and the POLICE OFFICER DEFENDANTS was malicious, wanton, and oppressive and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of damages, including exemplary and punitive damages.

95.     Plaintiff also seeks attorney fees under this claim.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows on all Causes of Action:

1.     For general damages according to proof;

2.     For special damages according to proof;

3.     For medical expenses according to proof;

4.     For pain and suffering;

5.     For interest thereon as provided by law;

6.     For attorneys' fees;

7.     For punitive damages;

8.     For costs of suit incurred herein; and

9.     For such other and further relief as the Court may deem proper.

21

**COMPLAINT FOR DAMAGES**

Respectfully submitted,

DATED:  May 20, 2022                    HARRIS & HAYDEN


                                        By:  /s/ Herbert Hayden
                                        HERBERT HAYDEN, ESQ.
                                        Attorneys for Plaintiff


## JURY TRIAL DEMANDED

Plaintiff hereby demand a trial by jury.

DATED:  May 20, 2022                    HARRIS & HAYDEN


                                        By:  /s/ Herbert Hayden
                                        HERBERT HAYDEN, ESQ.
                                        Attorneys for Plaintiff

22

**COMPLAINT FOR DAMAGES**